IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JAVIER CADENA CAZARES and ANGELINA CAZARES, Plaintiffs, | § § § § § | |
| v. | § § | EP-20-CV-5-PRM |
| ORTHO EL PASO, P.A., CVS HEALTH INC. d/b/a CVS, CVS CAREMARK, INC. d/b/a CVS, GENCO PHARMACEUTICAL SERVICES, AVENTIS INC., AVENTIS PHARMACEUTICAL, INC., SANOFI SA, SANOFI U.S., SANOFI-AVENTIS, SANOFI-AVENTIS LLC, SANOFI-AVENTIS U.S. LLC, SANOFI U.S. SERVICES INC., SANOFI PASTEUR, SANOFI GENZYME, GENZYME CORPORATION, GENZYME BIOSURGERY, Defendants. | § § § § § § § § § § § § § § § § § § § § § | |

**MEMORANDUM OPINION AND ORDER ACCEPTING IN PART
AND REJECTING IN PART THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

On this day, the Court considered the Magistrate Judge's "Report

and Recommendation" (ECF No. 22) [hereinafter "R. & R."], filed on

June 12, 2020; Defendants CVS Health Inc. d/b/a CVS, CVS Caremark, Inc. d/b/a CVS, Genco Pharmaceutical Services, Aventis Inc., Aventis Pharmaceutical, Inc., Sanofi SA, Sanofi U.S., Sanofi-Aventis, Sanofi-Aventis LLC, Sanofi-Aventis U.S. LLC, Sanofi U.S. Services Inc., Sanofi Pasteur, Sanofi Genzyme, Genzyme Corporation, Genzyme Biosurgery's [hereinafter "Removing Defendants"] "Objection to the Report and Recommendation" (ECF No. 23) [hereinafter "Removing Defendants' Objection"], filed on June 24, 2020; Defendant Ortho El Paso P.A.'s [hereinafter "Defendant Ortho El Paso"] "Objection to Report and Recommendation" (ECF No. 24) [hereinafter "Defendant Ortho El Paso's Objection"], filed on June 24, 2020; and Plaintiffs' "Response to the Non-Diverse Defendant's Objections to the Report and Recommendation" (ECF No. 25), filed on June 26, 2020, in the above-captioned cause.

In its R. & R., the Magistrate Judge recommended granting Plaintiffs Javier Cadena Cazares and Angelina Cazares's [hereinafter "Plaintiffs"] "Motion to Remand" (ECF No. 4), filed on February 7, 2020. R. & R. 1.  Further, the Magistrate Judge recommended that in the event the Court adopts the R. & R. and grants Plaintiffs' Motion to

Remand, that the Court refrain from ruling on Defendant Ortho El

Paso's "Motion to Dismiss for Failure to State a Claim Upon Which

Relief May be Granted" (ECF No. 10) [hereinafter "Motion to Dismiss"],

filed on February 25, 2020.  *Id.* at 21.  Alternatively, if the Court denies

the Motion to Remand, the Magistrate Judge recommended that the

Court deny the Motion to Dismiss as moot.  *Id.*  After due consideration,

the Court is of the opinion that for the reasons set forth below, the R. &

R. should be accepted in part and rejected in part, Plaintiffs' Motion to

Remand should be denied, and Defendant Ortho El Paso's Motion to

Dismiss should be denied as moot.

# I.     FACTUAL AND PROCEDURAL BACKGROUND

## A.     State Court Proceedings

This case arises out of a personal injury claim.  Plaintiffs allege

that Plaintiff Javier Cazares sustained injuries after receiving an

injection of "the drug Synvisc-One® (Hylan g-f20)."  Notice of Removal

Ex. A, at 5, Jan. 8, 2020, ECF No. 1.  Named Defendants are

"manufacturers, designers, producers, marketers, sellers, handlers,

and/or distributors" of Synvisc-One®."  *Id.*  Plaintiffs assert that a batch

of Synvisc-One® syringes that "had been produced at Defendants' plant

and distributed between October 25, 2017 and November 7, 2017" had

become contaminated.  *Id.*

Plaintiffs further claim that Plaintiff Javier Cazares received an

injection from the contaminated batch of Synvisc-One® syringes,

resulting in the instant suit:

> On November 9, 2017, Mr. Cazares was suffering from
> osteoarthritis in his knee. Plaintiff's doctor, working from
> Defendant Ortho El Paso's facility where the drug was
> ultimately distributed and sold for final use, administered a
> dose of contaminated Synvise-One® to Mr. Cazares for his
> knee pain. The contaminated syringe was placed into the
> stream of commerce by all named Defendants, who at all
> times relevant to this lawsuit, maintained exclusive control
> of the manufacture, distribution, sale, and administration of
> the bacteria-infused Synvisc-One®. Due to the bacterial
> cocktail he was injected with, Mr. Cazares suffered an
> immediate adverse reaction and subsequent infection that
> eventually necessitated several surgeries, months of
> therapy, and numerous hospitalizations. As a result of the
> injuries caused by the Defendants, both Plaintiffs sustained
> severe injuries described below.

*Id.* at 5.

Plaintiffs bring claims of strict liability, manufacturing defect,

negligence, breach of express warranty, and breach of the implied

warranties of merchantability and fitness for particular purpose,

against several named defendants.  *Id.* at 6–9.  Against Defendant

Ortho El Paso specifically, Plaintiffs assert the product liability claims

4

of strict liability, implied breach of warranty, and express breach of warranty.[1] *See id.* (refraining from including Defendant Ortho El Paso in its negligence or manufacturing defect claims).

## B.  Removal, Motion to Remand, and Motion to Dismiss

Plaintiffs initially filed suit in the 34th Judicial District Court in El Paso County, Texas, on November 8, 2019, and filed their "First Amended Petition" (ECF No. 1-1) [hereinafter "Petition"], on January 2, 2020. *Id.* at 2. The case was then removed to the United States District Court for the Western District of Texas, El Paso Division, on January 8, 2020, by Removing Defendants. *Id.* at 1–2; Notice of Removal Ex. B, at 2–5. Removing Defendants contend that removal is proper based on 28 U.S.C. § 1332 diversity jurisdiction. Notice of Removal 2. Further,

---

[1] The Court recognizes that Removing Defendants' second objection is that Plaintiffs did not properly assert these claims against Defendant Ortho El Paso in their state-court Petition. Removing Defs.' Obj. 9. However, for the purposes of the Court's analysis of Removing Defendants' first objection, the Court assumes, without deciding, that Plaintiffs properly alleged these claims against Defendant Ortho El Paso in their Petition in state court. This assumption is accordant with the strict approach courts must take in assessing the propriety of removal. *See Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.") (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Removing Defendants aver that the presence of Defendant Ortho El Paso, a Texas citizen, does not destroy diversity of the parties because Defendant Ortho El Paso was improperly joined to the lawsuit.[2]  *Id.* at 3–8.

On February 7, 2020, Plaintiffs filed their "Motion to Remand" (ECF No. 4), arguing that the Court does not have subject matter jurisdiction.  In particular, Plaintiffs allege that the case lacks complete diversity because Defendant Ortho El Paso is a proper party to the suit. Mot. to Remand 5.  Thereafter, Removing Defendants' filed their "Response in Opposition to Plaintiffs' Motion to Remand" (ECF No. 7) [hereinafter "Response to Motion to Remand"] on February 13, 2020.

Defendant Ortho El Paso filed its "Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted" (ECF No. 10) [hereinafter "Motion to Dismiss"] on February 25, 2020, refuting Plaintiffs' Motion to Remand by raising essentially the same arguments as those found in Removing Defendants' Notice of Removal and Response to Motion to Remand.  Thereafter, Plaintiffs filed their "Response to Defendant Ortho El Paso P.A.'s Untimely Motion to

---

[2] Defendant Ortho El Paso did not join in removal.  Notice of Removal 3.

Dismiss" (ECF No. 10) on March 10, 2020.  Three days later, on March

3, 2020, Defendant Ortho El Paso filed its "Reply to Plaintiffs' Response

to Motion to Dismiss" (ECF No. 12).

## C.     The Magistrate Judge's R. & R.

On April 29, 2020, the Court referred Plaintiffs' Motion to Remand

and Defendant Ortho El Paso's Motion to Dismiss to the Magistrate

Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule

1(d) of Appendix C to the Local Rules of the United States District

Court for the Western District of Texas.  Order Referring Mots. to

United States Magistrate Judge 1, Apr. 29, 2020, ECF No. 20.

The Magistrate Judge filed its R. & R. on June 12, 2020,

recommending that the Court (1) grant Plaintiffs' Motion to Remand

and (2) refrain from ruling on, or, in the alternative, deny as moot,

Defendant Ortho El Paso's Motion to Dismiss.  R. & R. 20–21.  The

Magistrate Judge conducted a "Rule 12(b)(6)-type analysis"[3] to conclude

that there is a "reasonable basis for the district court to predict that

---

[3] A "Rule 12(b)(6)-type analysis" requires "looking initially at the
allegations of the complaint to determine whether the complaint states
a claim under state law against the in-state defendant."  R. & R. 6
(quoting *Smallwood*, 385 F.3d at 573).

[Plaintiffs] might be able to recover against [Defendant Ortho El Paso]" in state court. *Id.* at 5, 6, 11, 20 (quoting *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  In making its determination of state law, the Magistrate Judge noted that "it must look to final decisions of the state's highest court," but that in the absence of such a decision, it "may look to the decisions of intermediate appellate state courts for guidance." *Id.* at 6 (quoting *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014)).  The Magistrate Judge limited its analysis to the claims asserted in Plaintiffs' state court Petition "as they existed at the time of removal." R. & R. 5 (quoting *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)).

In its R. & R., the Magistrate Judge found that Plaintiffs sufficiently asserted a claim against Defendant Ortho El Paso for breach of express warranty under Texas state law.  Rejecting the cases cited by Removing Defendants as inapposite, the Magistrate Judge reasoned that it was not a "settled rule under Texas law" whether Plaintiffs could recover against a medical provider like Defendant Ortho El Paso for breach of express warranty. *Id.* at 11.  Accordingly, the

Magistrate Judge refused to "foreclose the availability" of that claim "under these factual circumstances." *Id.* at 20. The Magistrate Judge elected to not analyze any of the remaining claims Plaintiffs asserted against Defendant Ortho El Paso. *Id.* at 20. Pursuant to the Magistrate Judge's analysis, because there is a reasonable probability that Plaintiffs can recover in state court against Defendant Ortho El Paso on an express-breach-of-warranty claim, Defendant Ortho El Paso is a proper party to the suit. Accordingly, the Magistrate Judge concluded that the case lacks complete diversity and should be remanded back to state court.

Furthermore, having concluded that the Court should grant the Motion to Remand because Defendant Ortho El Paso was properly joined to the suit, the Magistrate Judge recommended that the Court refrain from ruling on Defendant Ortho El Paso's Motion to Dismiss. *Id.* at 21–22. In the alternative, however, if the Court determined that Defendant Ortho El Paso was improperly joined to the suit, thereby rejecting the conclusions in the R. & R., the Magistrate Judge recommended denying the Motion to Dismiss as moot for lack of subject matter jurisdiction. *Id.* at 21.

### D.    Defendants' Objections to R. & R.

On June 24, 2020, Removing Defendants filed their timely objection to the R. & R.  Therein, Removing Defendants raised two objections.  First, they assert that the Magistrate Judge should have recommended denying the Motion to Remand because "there is no reasonable basis to believe Plaintiffs can recover against [Defendant] Ortho El Paso P.A."  Removing Defs.' Obj. 2–3.  Removing Defendants support this objection with two ancillary assertions:  (1) the Magistrate Judge "applied an overly stringent interpretation of the controlling 'no reasonable basis' standard"; and (2) the Magistrate Judge erred in rejecting Texas appellate court cases that "[r]esolve the [p]recise [i]ssues" in this case.  *See id.* at 3–4.

Second, Removing Defendants objected that "Plaintiffs' breach of express warranty claim [is] [in]sufficient to state a viable claim against Ortho El Paso."  *Id.* at 9.  Removing Defendants claimed that Plaintiffs' Petition did not adequately plead the required elements of breach of express warranty, and that Plaintiffs' use of the general "Defendants" in describing the breach-of-express-warranty claim failed to sufficiently attribute conduct to Defendant Ortho El Paso.  *Id.* at 9–10.  They also

10

contend that because the breach-of-express-warranty claim is the only claim that the Magistrate Judge analyzed and identified as reasonably meritorious, its insufficiency necessitates a dismissal of Defendant Ortho El Paso.  *Id.*

On the same day that Removing Defendants filed their Objection, Defendant Ortho El Paso did the same.  Therein, Defendant Ortho El Paso "adopt[ed] by reference the arguments and authorities cited in [Removing Defendants' Objection]."  Def. Ortho El Paso's Obj. 2. Relying on many of the same arguments asserted in Removing Defendants' Objection, Defendant Ortho El Paso requested that the Court grant its Motion to Dismiss.  *Id.*  Plaintiffs' filed their Response to Defendant Ortho El Paso's Objection on June 26, 2020.

## II.   LEGAL STANDARD

### A.   Review of the Magistrate Judge's Recommendations

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has objected.  *See* 28 U.S.C. § 636(b)(l)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Any party may contest

the Magistrate Judge's findings by filing written objections within

fourteen days of being served with a copy of the R. & R.  28 U.S.C.

§ 636(b)(l)(C).

The objections to the R. & R. must identify those findings or

recommendations that the party wishes to have the district court

consider. *Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Findings to which

no specific objections are made do not require de novo review; the Court

need only determine whether these findings are clearly erroneous or

contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.

1989).

**B.   Motion to Remand**

**1. Removal Based on Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1441(a), federal law provides for the

removal of civil actions brought in a state court over which the district

court has original jurisdiction.  "A federal district court may exercise

original jurisdiction over any civil action that either satisfies diversity

requirements or that arises under the federal constitution, statutes, or

treaties." *Energy Mgmt. Servs., L.L.C. v. City of Alexandria*, 739 F.3d

255, 258–59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331, 1332, 1369).

"Thus, under § 1441, removal is proper *only* when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction." *Id.* at 259.  Diversity jurisdiction is established in "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Manguno*, 276 F.3d at 723.  To establish federal jurisdiction based on diversity, "the [removing] party must 'distinctly and affirmatively allege' the citizenship of the parties."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (alteration omitted) (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)).  If the removing party "fails to meet that burden, [a court] cannot presume the existence of federal jurisdiction."  *Id.*

Furthermore, "[t]o determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal."  *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto Ins Co.*, 44 F.3d 256, 264 (5th Cir.

13

1995)).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

### 2. Improper Joinder

A case lacks diversity pursuant to 28 U.S.C. § 1441 "if any of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).  If an in-state defendant was joined to the case, courts must conduct an "improper joinder inquiry" to determine whether that joinder is valid.  *Smallwood*, 385 F.3d at 573.  There are "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"  *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).  A determination that the in-state defendant was improperly joined requires dismissal of that defendant and allows the case to remain in federal court.

The second approach to the improper-joinder inquiry assesses whether "the defendant demonstrated that there is no possibility of

recovery by the Plaintiff against an in-state defendant." *Id.* The reviewing court must determine whether there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* Courts may do this in one of two ways. *Id.* First, courts may conduct "a Rule 12(b)(6)-type analysis." *Id.* This requires "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Second, courts may "pierce the pleadings and conduct a summary inquiry" to evaluate whether a defendant has raised a claim but "misstated or omitted discrete facts that would determine the propriety of joinder." *Id.*

## C. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In considering a Rule 12(b)(6) motion, the reviewing court must "construe[] [the plaintiff's complaint] in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Secs. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). However, the reviewing court's analysis is limited to the facts alleged in the complaint. *Spivey v. Robertson*, 197 F.3d 772 (5th Cir. 1999).

### D.    Determining Issues of State Law

"To determine issues of state law, [federal courts] look to final decisions of the state's highest court, and when there is no ruling by that court, then [federal courts] have the duty to determine as best [they] can what the state's highest court would decide." *James*, 743 F.3d at 69 (quoting *Westlake Petrochems., L.L.C. v. United Polychem, Inc.*, 688 F.3d 232, 238 n.5 (5th Cir. 2012)) (internal quotation marks omitted). In surmising what a state high court would decide, federal courts "'must follow the decisions of intermediate state courts' unless there is 'convincing evidence that the highest court of the state would decide differently.'" *City of San Antonio v. Hotels.com, L.P.*, 876 F.3d

16

717, 722 (5th Cir. 2017) (quoting *Stoner v. New York Life Ins., Co.*, 311 U.S. 464, 467 (1940)).

## III.  ANALYSIS

### A.  Motion to Remand

As articulated above, Removing Defendants assert two objections to the R. & R.:  (1) that the Magistrate Judge should have recommended denying the Motion to Remand because "there is no reasonable basis to believe Plaintiffs can recover against [Defendant] Ortho El Paso P.A."; and (2) that "Plaintiffs' breach of express warranty claim [is] [in]sufficient to state a viable claim against [Defendant] Ortho El Paso." Removing Defs.' Obj. 2–3, 9.  Because the Court is of the opinion that its ruling on Removing Defendants' first objection sufficiently resolves the matter, the Court will not address the second objection.

Removing Defendants support their first objection with two ancillary assertions:  (1) the Magistrate Judge "applied an overly stringent interpretation of the controlling 'no reasonable basis' standard"; and (2) the Magistrate Judge erred in rejecting Texas appellate court cases that "[r]esolve the [p]recise [i]ssues" in this case. *See id.* at 3–4.

17

After due consideration, the Court will deny the Motion to Remand.  The Court's ruling is based on three intermediary determinations:  (1) the Court must apply a no-reasonable-basis standard that does not include a settled-rule framework; (2) pursuant to relevant Texas law, there is no reasonable basis for a claim by Plaintiffs against Defendant Ortho El Paso; and (3) Plaintiffs improperly joined Defendant Ortho El Paso.

### 1. The No-Reasonable-Basis Standard

The Court first considers the no-reasonable-basis standard.  In its R. & R., the Magistrate Judge noted that the standard for assessing improper joinder was whether there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  R. & R. 5 (quoting *Smallwood*, 385 F.3d at 573).  Applying this standard, the Magistrate Judge found that there was indeed a reasonable basis for Plaintiffs to recover against Defendant Ortho El Paso in state court.  *Id*. at 11.  The Magistrate Judge's findings were based on its assessment that it was not a "settled rule under Texas law" that Plaintiffs' cannot prevail on their express-

18

breach-of-warranty claim against a medical provider like Defendant
Ortho El Paso. *Id.* at 11.

Removing Defendants object to the Magistrate Judge's application
of the "no reasonable basis" standard. Removing Defs.' Obj. 3–4. They
agree that the no-reasonable-basis standard is the correct standard but
aver that the Magistrate Judge's incorporation of a "settled rule"
framework improperly narrowed the analysis. *Id.*

In light of the controlling Fifth Circuit precedent, the Court
determines that the settled rule framework does not apply in this case.
There is no reason to believe that courts should be incorporating a
settled-rule framework when applying the no-reasonable-basis
standard. *See Smallwood*, 385 F.3d at 573 ("To reduce possible
confusion, we adopt [the no reasonable basis] phrasing of the required
proof and reject all others . . . ."). Indeed, such an approach improperly
heightens the standard that Defendants must meet. Defendants must
show that there is no reasonable basis to predict that Plaintiffs may
recover against a medical provider like Defendant Ortho El Paso in this
case; it is not their burden, however, to show that Texas state courts
have conclusively eliminated the possibility. As such, the Court rejects

the Magistrate Judge's recommendation as to the settled-rule approach to the no-reasonable-basis standard.

### 2. Application of Texas Law

The Court next considers Texas appellate cases that Removing Defendants claim foreclose Plaintiffs' ability to recover against Defendant Ortho El Paso in state court.  The Court concludes that Texas law indeed forecloses Plaintiffs' claims against Defendant Ortho El Paso and that Plaintiffs' Motion to Remand should be denied.

### a. The Magistrate Judge's Recommendation

In assessing the viability of the state law claims, the Magistrate Judge correctly noted that federal courts must look to "decisions of the state's highest court," but that in the absence of such a decision, the court "may look to the decisions of intermediate appellate state courts for guidance."  R. & R. 6 (quoting *James*, 743 F.3d at 69).  The Magistrate Judge then analyzed the cases cited by Removing Defendants to determine whether it was a "settled rule under Texas law" that Plaintiffs would be unable to prevail on their breach-of-express-warranty claim against a medical provider like Defendant Ortho El Paso.  *Id.* at 11.  If it was not a "settled rule under Texas law,"

then, according to the Magistrate Judge, there is a reasonable basis for

Plaintiffs to succeed in state court, and Defendant Ortho El Paso would

be properly joined to the suit. *See id.*

After conducting its analysis, the Magistrate Judge rejected all of

the cases cited by Removing Defendants as not controlling. *Id.* at 11–

17. The Magistrate Judge explained that Removing Defendants'

reliance on *Cobb v. Dallas Forth Worth Medical Center—Grand Prairie*,

48 S.W.3d 820, 826–27 (Tex. App. 2001) was unpersuasive. *Id.* at 17.

In *Cobb*, a Texas appellate court ruled that plaintiffs could not bring

claims of strict liability, breach of implied warranty, and breach of

express warranty against a medical center. *Cobb*, 42 S.W.3d at 823.

The Magistrate Judge found the analysis unconvincing because it was a

"brief" opinion that mostly focused on the strict-liability claim. R. & R.

14; *see also id.* at 19–20 ("[Removing Defendants] have provided a

citation to only one case even mentioning express warranty, *Cobb*,

which itself provides no analysis of that cause of action."). Additionally,

the Magistrate Judge proposed that the two cases the *Cobb* court relied

on, *Easterly v. HSP Texas, Inc.*, 772 S.W.2d 211 (Tex. App. 1989), and

*Walden v. Jeffrey*, 907 S.W.2d 446 (Tex. 1995), were inapposite because

21

they did not involve a claim for breach of express warranty. *Id.* at 14–17.

Further, the Magistrate Judge dismissed the rest of the cases cited by Removing Defendants as not controlling because, like *Easterly* and *Walden*, none of them involved a claim of breach of express warranty. *Id.* at 11–14. Similar to *Easterly* and *Walden*, many of the cases dealt with either strict liability, breach of implied warranty, or both, but not breach of express warranty. *See id.*

Thus, the Magistrate Judge found that neither *Cobb*, nor the authorities on which it relied, nor any of the other cases cited by Removing Defendants, had settled the viability of an express breach of warranty claim against a medical provider. *Id.* at 19–20. Refraining from assessing Plaintiffs' other product-liability claims, the Magistrate Judge concluded that there was a reasonable basis for Plaintiffs to succeed with their breach-of-express-warranty claim against Defendant Ortho El Paso in state court. *Id.* at 20.

b. Removing Defendants' Objections

Removing Defendants argue that contrary to the Magistrate Judge's analysis, the cases it cited evince that there is no reasonable

basis for Plaintiffs to recover against Defendant Ortho El Paso in state court. First, Removing Defendants aver that the Magistrate Judge was required to defer to the holding in *Cobb* instead of conducting its own analysis of the *Cobb* court's reasoning. Removing Defs.' Obj. 5 (citing *Hotels.com, L.P.*, 876 F.3d at 722). Second, Removing Defendants maintain that the Magistrate Judge's settled-rule approach to the no-reasonable-basis standard resulted in a more strict review of the cases cited by Removing Defendants than what was permitted by law, and that if the Magistrate Judge had properly applied the no-reasonable-basis standard, then Plaintiffs' claims against Defendant Ortho El Paso would have to have been dismissed. *Id.* at 4–9.

c. De Novo Analysis

Upon thorough review of the R. & R. and Defendants' objections, the Court is of the opinion that Removing Defendants' met their burden to show that there is no reasonable basis to predict that Plaintiffs can prevail against Defendant Ortho El Paso in state court. Accordingly, the Court rejects the Magistrate Judge's analysis of the Texas cases cited by Removing Defendants.

The Court first determines that it must defer to the holding in *Cobb* and that it cannot conduct its own independent assessment of the *Cobb* court's reasoning.  Pursuant to Fifth Circuit precedent, it is not within a federal court's discretion to decide whether it agrees with a state appellate court on issues of state law:  a "[federal] court '*must* follow the decisions of intermediate state courts' unless there is 'convincing evidence that the highest court of the state would decide differently.'"  *Hotels.com, L.P.*, 876 F.3d at 722 (quoting *Stoner*, 311 U.S. at 467).  Here, the Court is of the opinion that there is no convincing evidence that the state high court would decide differently the viability of product-liability claims against a medical provider.  Thus, the Court must defer to the holding in *Cobb*.

In *Cobb*, a Texas appellate court ruled that plaintiffs could not bring claims of strict liability, breach of implied warranty, and breach of express warranty against a medical center.  42 S.W.3d at 827.  Plaintiffs brought suit after suffering injuries from a failed back surgery.  *Id.* at 823–24.  Plaintiffs raised several product liability claims based on defendants' surgical installation of incorrectly sized medical products in plaintiff's back.  *Id.*  The *Cobb* court started its analysis

24

with the general rule that "hospitals are not engaged in the business of selling the products or equipment used in the course of providing medical services." *Id.* at 826.  The court then applied this rule to conclude that no "sale" had taken place when defendants installed corrective products in plaintiff's back because the products were "intimately and inseparably connected with the provision of medical services." *Id.*  The court then declared that because strict liability, breach of implied warranty, and breach of express warranty are all predicated on a seller-buyer relationship, plaintiffs were unable to recover for any of those claims against defendants.  *Id.*

Deferring to *Cobb*, the Court concludes that Plaintiffs cannot prevail on their breach-of-express-warranty claim against Defendant Ortho El Paso.  By definition, express and implied warranties are only created when a "sale" is made between a "seller" and a "buyer."  *See* Tex. Bus. Code § 2.313–2.315; *see also Easterly*, 772 S.W.2d at 213 ("In order for the breach of warranty to apply, there must be a sale of goods by a merchant who deals in goods of the kind.").  Here, Defendant Ortho El Paso is not a seller and Plaintiffs are not buyers.  Plaintiffs have not disputed Removing Defendants' repeated assertion that the Synvisc-

25

One® injection was an "inseparable part" of the medical services that Plaintiff Javier Cazares received from Defendant Ortho El Paso. *See* Removing Defs.' Obj. 6; Resp. to Motion to Remand 5; Notice of Removal 5–6. As such, Defendant Ortho El Paso was not a seller, and a sale had not taken place, when Plaintiff Javier Cazares received the Synvisc-One® injection. Because a sale did not take place, no express warranty was ever created by Defendant Ortho El Paso. Thus, Plaintiffs are unable to recover for such a claim against Defendant Ortho El Paso in state court.

The Court next considers the cases cited by Removing Defendants that do not explicitly discuss express breach of warranty. Although *Easterly*, *Walden*, and *Hadley v. Wyeth Labs., Inc.*, 287 S.W.3d 847 (Tex. App. 2009), do not explicitly address breach-of-express-warranty claims, the Court determines that these cases unequivocally preclude such a claim against a medical provider like Defendant Ortho El Paso in this case.

In *Easterly* and *Walden*, both courts dismissed a plaintiff's implied-breach-of-warranty claim arising from injuries suffered after receiving medical services. Both courts determined that a medical

provider was not a "seller," and a "sale" had not taken place, when a medical provider used a good as an "inseparable part of the rendition of medical services." *Walden*, 907 S.W.2d at 448; *see also Easterly*, 772 S.W.2d at 214 ("As a general proposition, hospitals are providers of services, not merchants selling goods. Absent a specific showing of the sale of a good not intimately related to the medical service provided, summary judgment was proper . . . ."). Because the medical provider was not a seller, plaintiffs' could not recover for implied-breach-of-warranty.

Although both *Easterly* and *Walden* involved implied breach of warranty, and not express breach of warranty, Texas Business and Commerce Code § 2.103 provides that the definitions of "seller" and "sale" are the same for both types of claims. Accordingly, the courts' analyses apply equally to both implied and express breach-of-warranty claims.

Similar to *Cobb*, *Easterly* and *Walden* foreclose the possibility of a breach-of-express-warranty claim against Defendant Ortho El Paso. As articulated above, the Synvisc-One® injection was an "inseparable part" of the services received by Plaintiff Javier Cazares, meaning that

Defendant Ortho El Paso is not a seller for purposes of both types of breach-of-warranty claims.  *See Walden*, 907 S.W.2d at 448.  Thus, pursuant to *Easterly* and *Walden*, Plaintiffs cannot prevail on their breach-of-express-warranty claim against Defendant Ortho El Paso.[4]

Finally, *Hadley* also elucidates the infeasibility of Plaintiffs' claim under Texas law.  Although *Hadley* involved several claims and statutes not relevant in the instant case, its core rationale controls.  Relying on Texas cases such as *Cobb*, *Easterly*, and *Walden*, the *Hadley* court concluded that "[a]s long as [a medical provider's] use of [a] product is intimately and inseparably connected with the provision of medical services[,] and is not available for sale to the general public, a doctor cannot be liable for products liability" for injuries caused by that product.  *Hadley*, 287 S.W.3d at 849–50 (citing *Cobb*, 48 S.W.3d at 826–27; *Easterly*, 772 S.W.2d at 213; *Nevauex v. Park Place Hosp., Inc.*, 656 S.W.2d 923, 926 (Tex. App. 1983); *Walden*, 907 S.W.2d at 448).  In coming to this conclusion, the court noted that Texas state courts "have

---

[4] This is true notwithstanding that *Walden* only considered and rejected an implied-breach-of-warranty claim, and *Easterly* only considered and rejected an implied-breach-of-warranty claim and a strict-liability claim. *See Easterly*, 772 S.W.2d at 212–14; *Walden*, 907 S.W.2d at 447.

routinely held that doctors are engaged in the practice of providing medical services[,] and even if they use products or prescribed drugs as part of this process, the essential nature of the relationship is still a professional, medical one," not one of seller and buyer. *Hadley*, 287 S.W.3d at 849 (citing *Cobb*, 48 S.W.3d at 826–27; *Easterly*, 772 S.W.2d at 213; *Nevauex*, 656 S.W.2d at 926).

Therefore, *Hadley* reaffirmed the rule in *Cobb*, *Easterly*, and *Walden*, that a medical provider is not a "seller" when it supplies goods that are an "inseparable" part of the services rendered. *Hadley*, 287 S.W.3d at 849–50. As such, *Hadley* makes clear that Defendant Ortho El Paso cannot be held liable for breach of express warranty because it was not a "seller" when it injected Plaintiff Javier Cazares with Synvisc-One®.

Accordingly, the Court determines that *Cobb*, *Easterly*, *Walden*, and *Hadley* establish that there is no reasonable basis for Plaintiffs to recover on their breach-of-express-warranty claim against Defendant Ortho El Paso in state court.

Moreover, Plaintiffs' other claims against Defendant Ortho El Paso fail for the same reason. The courts' analyses of "seller" apply

29

wholly to the claims of strict liability, breach of implied warranty, and breach of express warranty. *See, e.g.*, *Cobb* 42 S.W.3d at 826 (dismissing plaintiffs' claims of strict liability, breach of implied warranty, and breach of express warranty because the medical provider is not "engaged in the business of selling"); *Easterly*, 772 S.W.2d at 212–14 (using the court's analysis of "seller" to dismiss plaintiff's strict liability claim); *Hadley*, 287 S.W.3d at 849–50 (holding that the definition of "seller" in *Cobb* applies to all product liability claims).

Plaintiffs are unable to prevail on any of their claims against Defendant Ortho El Paso. Therefore, Defendant Ortho El Paso is not a properly joined party to this suit. Because Defendant Ortho was not properly joined, and Removing Defendants are completely diverse from Plaintiff, there is good subject matter jurisdiction over the above-captioned cause. Accordingly, the Court concludes that Plaintiffs' Motion to Remand should be denied.

### B.    Motion to Dismiss

Upon concluding that Defendant Ortho El Paso is not a proper party to the suit, the Court must determine how to rule on Defendant Ortho El Paso's Motion to Dismiss. After due consideration, the Court

elects to deny Defendant Ortho El Paso's Motion to Dismiss as moot. The Court adopts the Magistrate Judge's analysis that if the Court "determine[s] that the Motion to Remand should be denied on the basis that [Defendant] Ortho El Paso was improperly joined," then the Court "would not have jurisdiction to consider the merits of [Defendant] Ortho El Paso's Motion to Dismiss."  R. & R. 21.  Accordingly, Defendant Ortho El Paso's Motion to Dismiss is denied as moot.

## IV.   CONCLUSION

For the reasons expounded herein, the Court rejects the Magistrate Judge's recommendation as to Plaintiffs' Motion to Remand and concludes that Defendant Ortho El Paso is not properly joined to this suit.  Because Defendant Ortho El Paso, the only in-state defendant, is not a proper party to this suit, complete diversity pursuant to 28 U.S.C. § 1332 is satisfied.  As such, the Court denies Plaintiffs' Motion to Remand.

Additionally, the Court adopts the Magistrate Judge's analysis that after determining that Defendant Ortho El Paso is not a proper party to this suit, the Court lacks jurisdiction to consider its Motion to

Dismiss.  Thus, the Court denies Defendant Ortho El Paso's Motion to Dismiss as moot.

Accordingly, **IT IS ORDERED** that the Magistrate Judge's "Report and Recommendation" (ECF No. 22) is hereby **ACCEPTED IN PART AND REJECTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs Javier Cadena Cazares and Angelina Cazares's "Motion to Remand" (ECF No. 4) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Ortho El Paso P.A.'s "Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted" (ECF No. 10) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that all settings in this matter are **VACATED** as to Defendant Ortho El Paso P.A. only.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT** as to Defendant Ortho El Paso P.A. only.

**SIGNED** this **7th day** of **August, 2020**.

**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**